# IN THE OREGON TAX COURT

## MENTOR GRAPHICS CORPORATION
*v.*
## DEPARTMENT OF REVENUE
(TC 3304)

Milo E. Ormseth, Stoel Rives Boley Jones & Grey, Portland, represented plaintiff.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision part for plaintiff and part for defendant rendered October 12, 1993.

### CARL N. BYERS, Judge.

Plaintiff appeals from defendant's order denying two deductions claimed on plaintiff's 1984 corporation excise tax return.

Plaintiff is an Oregon corporation engaged in designing, manufacturing, marketing and servicing electronic design automation systems. In June, 1984, plaintiff incorporated Mentor Graphics BV (Mentor BV) in the Netherlands for the purpose of manufacturing and selling

its products in the European market. Plaintiff purchased all the issued and outstanding stock of Mentor BV for $159,947 and transferred to it certain electronic design automation technology. At the time of the formation of Mentor BV, the Netherlands assessed a one percent, one-time Netherlands Capital Tax (NCT) on the combined value of the stock purchase and the transfer of technology. The total tax assessed to Mentor BV was $863,508. Mentor BV paid the tax in August, 1984.

Plaintiff deducted the NCT in determining its 1984 worldwide combined income for Oregon tax purposes. Plaintiff also deducted $141,000 for consulting fees paid to an independent accounting firm for advice on setting up Mentor BV in the Netherlands.

Defendant audited plaintiff's 1984 corporation excise tax return, determined the NCT was not deductible, and issued a notice of deficiency. Plaintiff appealed and defendant, after a hearing, issued Opinion and Order No. 90-4070 denying plaintiff relief. Plaintiff then filed its complaint in this court. In its amended answer, defendant asserts for the first time that the consulting fees were not deductible. The parties have stipulated that the court can decide both issues.

## ISSUES

1. Is the Netherlands Capital Tax deductible in computing plaintiff's worldwide combined income subject to apportionment?

2. Is the consulting fee plaintiff paid to an independent accounting firm deductible in computing plaintiff's worldwide combined income subject to apportionment?

## NETHERLANDS CAPITAL TAX

The intent of the legislature was to make the measurement of taxable income for Oregon corporation excise tax identical to the measurement of taxable income under the federal Internal Revenue Code. ORS 317.018(1). Section 164 of the Internal Revenue Code provides that:

> "Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

"(1)    State and local, and foreign, real property taxes.

"(2)    State and local personal property taxes.

"(3)    State and local, and foreign, income, war profits, and excess profits taxes.

"(4)    State and local general sales taxes.

"(5)    The windfall profit tax imposed by section 4986.

"In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income)." IRC § 164 (1984).

The NCT paid by Mentor BV was a foreign tax not described in the enumerated taxes of IRC § 164 and it was paid within the taxable year. In order to qualify for a deduction under IRC § 164, the NCT must also have been paid "in carrying on a trade or business."

■    Defendant does not dispute that Mentor BV was engaged in conducting a trade or business. Defendant does assert that the "trade or business" language in IRC § 164 subjects taxes which fall under that category to the limitations of IRC § 162. Specifically, defendant contends the NCT is a capital expenditure and not deductible in one year. Defendant contends this interpretation is supported by legislative history. However, legislative history shows Congress intended exactly the opposite result. The Senate Committee Report stated:

"The fact that only these [the specifically enumerated] taxes may be deducted as taxes does not mean that other State, local, and foreign taxes may not be deducted to the extent they represent trade or business expenses or expenses incurred in the production of income. A sentence added to the code on this point makes it clear that *these other State, local, and foreign taxes may be deducted as taxes when they are of a business nature or for the production of income even though otherwise they might have to be capitalized.* Taxes levied on intangible personal property are examples of taxes generally deductible in this latter category since it can be reasonably supposed that *the property subject to such a tax is held either in connection with a trade or business or for the current, or possible future, production of income.*" S Rep No 830, 88th

Cong, 2d Sess (1964), *reprinted in* 1964 US Code Cong & Admin News 1673, 1728 (emphasis added).

*See also* HR Rep No. 749, 88th Cong, 1st Sess (1963) *reprinted in* 1964 US Code Cong & Admin News 1313, 1358.

The result defendant argues for was adopted by Congress, but not until 1986, and then only in part.[1]

Defendant asserts that the NCT must be analyzed under the "origin and character" test of *Soelling v. Commissioner*, 70 TC 1052 (1978). Defendant cites cases which have found various organizational expenses to be capital expenditures and not current deductions. In *Indopco, Inc. v. Commissioner*, 503 US ____, 112 S Ct 1039, 117 L Ed 2d 226 (1992), the Supreme Court held that expenses incurred in a takeover were capital expenditures rather than currently deductible expenses. The court held that because long-term benefits resulted from the takeover, the expenditures were capital in nature and not deductible under IRC § 162. The expenses which the Supreme Court determined to be capital were fees paid to an investment banking firm, legal fees, accounting fees, printing expenses, proxy solicitation expenses, and securities and exchange commission fees. These are all IRC § 162 expenses, and not taxes which are deductible under IRC § 164.

Similarly, in *General Bancshares Corp. v. Commissioner*, 326 F2d 712 (8th Cir 1964), *cert denied* 379 US 832, 85 S Ct 62, 13 L Ed 2d 40 (1964), the Eighth Circuit concluded that organization, reorganization or recapitalization expenditures, and expenditures in connection with the issuance or increase of corporate stock were capital in nature. The court concluded that these expenses could not be deducted under IRC § 162(a) as they had a long-term purpose and thus were capital in nature. *Id.* at 715. Again, the court did not discuss taxes accrued or paid.

There is no requirement in IRC § 164 that tax expenditures, which benefit the taxpayer beyond one year, be

---

[1] In enacting the Tax Reform Act of 1986, Congress added an additional sentence which specifically dealt with taxes paid in connection with the acquisition or disposition of property. *See* Pub L 99-514, 100 Stat 2085.

capitalized. Accordingly, the deduction of the NCT tax paid in 1984 was correct.

## CONSULTING FEES

■        Unlike the NCT, the deductibility of the consulting fees paid to the independent accountants does turn upon whether the expenses were capital in nature. In *Woodward v. Commissioner*, 397 US 572, 90 S Ct 1302, 25 L Ed 2d 577 (1970), the Supreme Court considered whether legal, brokerage, and accounting fees incurred in the acquisition of a capital asset were deductible. The court stated:

> "If an expense is capital, it cannot be deducted as 'ordinary and necessary,' either as a business expense under § 162 of the Code or as an expense of 'management, conservation, or maintenance' under § 212.
>
> "It has long been recognized, as a general matter, that costs incurred in the acquisition or disposition of a capital asset are to be treated as capital expenditures." 397 US at 575, 90 S Ct at 1302, 25 L Ed 2d at 581.

Accordingly, if the consulting fee was incurred in the acquisition of Mentor BV, it should be treated as a capital expenditure.

In their audits, both the Internal Revenue Service and defendant allowed the deduction claimed for the consulting fee. Defendant did not challenge the deduction and the issue was not addressed in defendant's Opinion and Order No. 90-4070. Only when defendant filed its Amended Answer did it claim the fees were not deductible, seeking additional tax and interest of $8,095.33. Plaintiff contends that since defendant seeks such treatment for the first time by affirmative defense, defendant has the burden of proof.

■        The burden of proof in tax court proceedings is addressed in ORS 305.427, which states:

> "In all proceedings before the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief and the burden of going forward with the evidence shall shift as in other civil litigation."

In *Reed v. Dept. of Rev.*, 310 Or 260, 798 P2d 235 (1990), the Oregon Supreme Court held that "[i]n a tax case, the taxpayer bears the burden of proof and must demonstrate by a preponderance of the evidence that a deduction is allowable." *Id.* at 264. In *PP&L v. Dept. of Rev.*, 308 Or 49, 775 P2d 303 (1989), the Department of Revenue sought to have a property assessed at a value significantly greater than that established at an earlier administrative hearing. Plaintiff claimed the department bore the burden of proof. The court found such claim "contradicts the basic idea that the burden in an appeal by a taxpayer to the Tax Court is on the taxpayer." *Id.* at 55, citing ORS 305.427. Based on these cases, although defendant is seeking additional taxes over those found due in its opinion and order, the burden of proof is on the plaintiff.

At trial, Mr. Terry Taylor, Tax Director of Mentor Graphics, testified that at least part of the consulting fee should have been capitalized because it was for advice regarding establishing Mentor BV in the Netherlands. However, he was unable to identify what proportion of the fee was unrelated to the setting up of the corporation.

With regard to the burden of proof in civil actions, "preponderance" means the "greater weight of the evidence." *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 394, 737 P2d 595, 598 (1987). Plaintiff's evidence in the form of Mr. Taylor's testimony does not outweigh that presented by defendant. In plaintiff's response to the International Examiner BV Information Requests, plaintiff states that the consulting fees were for "advise [*sic*] on the business environment in The Netherlands. Topics addressed were establishing a corporation, negotiating with the Dutch government, tax planning and other regulatory requirements." This general statement does not provide sufficient basis to allocate expenses. Therefore, the court holds that the consulting fees were not deductible expenses, but must be capitalized.

Based on the above, the defendant's Opinion and Order No. 90-4070 must be set aside. Judgment will be entered consistent with this opinion. Costs to neither party.